DENNIS R. INGOLS, ESQ., CSB#236458
LAW OFFICE OF DENNIS R. INGOLS
111 North Market Street, Suite #300
San José, California 95113
T: 408-601-0126
dennis@ingolslaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRYSTAL GOMEZ, and MARTHA GOMEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, NIKON DANDRIDGE, MARIA FOSTER-CAZEM, HELGA ZIMMERER, JOE CHANG, OFFICER TUVERA, SERGEANT BARRY, OFFICER ESCOBAR, OFFICER PUBILL, and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (43 U.S.C. § 1983)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, CRYSTAL GOMEZ and MARTHA GOMEZ, ("Plaintiffs"), respectfully represent and allege as follows:

**I.   JURISDICTION & VENUE**

1. Plaintiffs bring this civil rights lawsuit pursuant to 42 U.S.C. §1983 to redress the deprivation by Defendants, at all times herein acting under color of state law, of rights secured to Plaintiffs under the United States Constitution, including the First, Fourth, and/or

1

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

Fourteenth Amendments, under federal law, and California law where applicable as stated herein.

2. This Court has jurisdiction over all causes of action asserted herein because all causes of action arise out of conduct undertaken by Defendants in the State of California, City and County of San Francisco.

3. Venue properly lies in the U.S. District Court for the Northern District of California in that the events and circumstances herein alleged occurred in the City and County of San Francisco, and at least one Defendant resides in the City and County of San Francisco.

## II. PARTIES

**PLAINTIFFS**

4. Plaintiff, CRYSTAL GOMEZ, ("CRYSTAL", d.o.b. 12/13/2002) was at all times relevant to the facts and circumstances herein an individual residing in the City and County of SAN FRANCISCO.

5. Plaintiff, MARTHA GOMEZ, ("MARTHA", d.o.b. 7/15/2001) was at all times relevant to the facts and circumstances herein an individual residing in the City and County of SAN FRANCISCO.

6. Prior to the involvement of the City and County of San Francisco Department of Human Services and the San Francisco Police Department and the individual Defendants named herein below in the lives of the Plaintiffs, Plaintiffs lived together, in their mother's custody, and they enjoyed all of the love, mutual affection, and support of a parent– child relationship, with their mother, and with each other, as a family unit.

2

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

7. At all times prior to the wrongful removal of Plaintiffs by Defendants, Plaintiffs enjoyed the company, companionship, and society of their mother, and all other benefits and obligations of their rights of familial association with their mother.

//

**DEFENDANTS**

**Defendant City and County of San Francisco**

8. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "COUNTY") is a municipality in corporate form, organized and existing under the laws of the State of California.

9. The San Francisco Department of Human Services, commonly referred to as "Child Protective Services" or "CPS" (hereinafter "CPS"), and the San Francisco Police Department (hereinafter "SFPD") are COUNTY governmental agencies organized and existing pursuant to the law and policies of Defendant COUNTY, which together with COUNTY, promulgated, encouraged, and/or permitted, the policies, patterns, and practices under which the individual named Defendants, and Does 1 – 20, committed the acts or omissions complained of herein, and of which policies, practices, customs, and/or procedures, and/or failure to train, whether or not promulgated in written form, encouraged, or allowed to persist by Defendant COUNTY. COUNTY condoned, ratified, and ignored without remediation the conduct of the social worker Defendants pursuant to said policies, practices, customs, and procedures, as complained of herein.

10. As the employer of social workers and their supervisors, law enforcement officers and their supervisors, COUNTY, SFPD and/or CPS had primary responsibility for the training, education, and supervision of law enforcement officers and their supervisors, social workers,

3

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

emergency response workers, dependency intake workers, placement workers, and all other CPS personnel, and CPS supervisors.

11. Plaintiff hereby sues all agencies and departmental units of COUNTY specified hereinabove under the designation of COUNTY herein, and/or interchangeably with SFPD and/or CPS.

**CPS Defendants**

**Defendant NIKON DANDRIDGE**

12. Defendant NIKON DANDRIDGE, ("DANDRIDGE") whose acts as alleged herein were performed in an individual capacity or as an employee of COUNTY and under color of state law, was an "emergency response" worker for CPS.

13. DANDRIDGE, in consultation with the other Defendants, including but not limited to, her supervisor, HELGA ZIMMERER, removed Plaintiffs from their mother.

**Defendant MARIA FOSTER-CAZEM**

14. MARIA FOSTER-CAZEM ("FOSTER-CAZEM"), whose acts as alleged herein were performed in an individual capacity or as an employee of COUNTY and under color of state law, was a social worker for CPS.

15. On Plaintiffs' information and belief, FOSTER-CAZEM was consulted regarding the decision to remove Plaintiffs, and was an integral participant in the decision to remove Plaintiffs.

**Defendant HELGA ZIMMERER**

16. HELGA ZIMMERER ("ZIMMERER"), whose acts as alleged herein were performed in an individual capacity or as an employee of COUNTY and under color of state law, was a social worker supervisor for CPS.

4

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

17. ZIMMERER was DANDRIDGE's direct supervisor, and was an integral participant in the decision to remove Plaintiffs.

**SFPD Defendants**

**JOE CHANG**

18. JOE CHANG (badge #885, hereinafter, "CHANG), whose acts as alleged herein were performed in an individual capacity or as an employee of SFPD and under color of state law, was a law enforcement officer for SFPD.

**OFFICER TUVERA**

19. OFFICER TUVERA (badge #1941, hereinafter, "TUVERA") whose acts as alleged herein were performed in an individual capacity or as an employee of SFPD and under color of state law, was a law enforcement officer for SFPD.

**SERGEANT BARRY**

20. SERGEANT BARRY (badge #2093, hereinafter "BARRY") whose acts as alleged herein were performed in an individual capacity or as an employee of SFPD and under color of state law, was a law enforcement officer and supervisor for SFPD.

**OFFICER ESCOBAR**

21. ESCOBAR (badge # 1403, hereinafter, "ESCOBAR") whose acts as alleged herein were performed in an individual capacity or as an employee of SFPD and under color of state law, was a law enforcement officer for SFPD.

**OFFICER PUBILL**

22. OFFICER PUBILL (badge # 2131, hereinafter, "PUBILL") whose acts as alleged herein were performed in an individual capacity or as an employee of SFPD and under color of state law, was a law enforcement officer for SFPD.

5

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

**CPS' DEFICIENT POLICIES, PRACTICES, PROCEDURES, CUSTOMS**

23. Plaintiffs are informed and believe , and thereon alleges, that CPS was so inept, inadequate, and inconsistent, in the provision of training, education, and supervision of its employees in issues related to proper and lawful investigation of child abuse and neglect referrals, and the use of protective custody warrants, as to constitute deliberate indifference to the rights and safety of citizens who are interviewed, investigated or otherwise come in contact with CPS personnel in the context of a child abuse investigation.

24. Pursuant to CPS and SFPD policy, Defendants did not even consider obtaining a warrant or otherwise obtain judicial authorization.

**SFPD'S DEFICIENT POLICIES, PRACTICES, PROCEDURES, CUSTOMS**

25. Plaintiffs are informed and believe, and thereon allege, that SFPD was so inept, inadequate, and inconsistent, in the provision of training, education, and supervision of its employees in issues related to proper and lawful investigation of child abuse and neglect referrals, and the use of protective custody warrants, as to constitute deliberate indifference to the rights and safety of citizens who are interviewed, investigated or otherwise come in contact with SFPD personnel in the context of a child abuse investigation.

**MONELL ALLEGATIONS COMMON TO SFPD AND CPS**

26. With neither training on, nor written policies, practices or procedures regarding when to obtain a warrant, or how to get one, limited scope of the intrusion, nor on constitutional mandates of truth, accuracy and completeness in reports to the juvenile court, Constitutional violations like those complained of herein were inevitable.

6

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

27. Plaintiffs contend that the policies, practices, procedures, and issues of failing to adequately train employees of CPS and/or employees of SFPD of which Plaintiffs complain herein, are inclusive but not limited to:

   a. the failure to institute training, or adequately train employees on the legal prerequisites that must confront an official in conducting a child abuse/neglect investigation in order to lawfully remove a child/children from his/her/their parents or legal guardians without having first procured a warrant or court order authorizing removal;
   b. the failure to institute training, or adequately train employees situated such as the individually named defendants herein, regarding the existence, method of obtaining, and use of protective custody warrants authorized under California state law and/or employing the least intrusive means of ensuring a child's safety;
   c. the creation and/or maintenance of a policy, practice, custom, and/or procedure resulting in the repeated warrantless removal of children who are not at imminent risk of serious bodily injury;
   d. the creation and/or maintenance of a policy, practice, custom, and/or procedure resulting in the repeated warrantless removal of children from a parent or legal custodian, without regard for federal or state law or the rights of citizens pursuant thereto;
   e. the creation and/or maintenance of a policy, practice, custom, and/or procedure whereby no reasonable efforts are made to avoid removal of children from their parents and/or guardians in the first instance.

28. Plaintiffs are informed and believe, and thereon allege, that the individually named Defendants were decision makers in the making and/or implementation of COUNTY and/or CPS and/or SFPD policy with regard to the removal and continued detention of children in the course of an investigation by CPS and/or SFPD employees into allegations of child abuse, and the de facto decision makers on the decision to remove children such as Plaintiffs from their parent(s) without a warrant, without exigent circumstances, and without consent.

29. Plaintiffs are ignorant of the true names and identities of those Defendants sued fictitiously herein as Does 1-20, inclusive. Plaintiffs are informed and believe that said Defendants participated in some manner in the events set forth in this Complaint, or failed to participate in some manner, which acts or failures to act were in some manner a proximate

7

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

cause of the injuries complained of by Plaintiffs herein, and for which, whether by conspiracy to violate the Plaintiffs' rights, agreement, inadequate supervision, inadequate training, consent, ratification, or active participation, such Doe Defendants are responsible and/or liable for the Plaintiffs' injuries and damages.

30. Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times herein mentioned, DANDRIDGE, ZIMMERER, FOSTER-CAZEM, CHANG, BARRY, TUVERA, ESCOBAR, PUBILL and DOES 1-20, were each the agent and/or employee of their co-defendants, and each of them, and was acting within the scope, purpose and authority of CPS, and/or SFPD employment and with the knowledge, permission and consent of said co-defendants, and each of them, and/or within the scope and purpose of a conspiracy to violate Plaintiffs' rights as complained of herein.

31. Plaintiff s allege the foregoing policies, practices, and/or procedures directly cause or are a substantial contributing factor to the violation of various constitutional and civil rights afforded parents and their children under statutory and decisional law, such as occurred in the events and circumstances complained of by Plaintiffs herein.

32. Plaintiffs are ignorant of the true names and identities of those Defendants sued fictitiously herein as Does 1-20, inclusive. Plaintiffs are informed and believe and thereon allege that said Defendants participated in some manner in the acts or failures to act alleged herein, or failed to participate in some manner constituting the intentional or negligent omissions alleged herein, which acts or failures to act were in some manner a proximate cause of the injuries complained of by Plaintiffs, and for which, whether by agreement, inadequate supervision, inadequate training, consent, ratification, or active participation, such Doe Defendants are responsible and/or liable for the Plaintiffs' injuries and damages. Does 1-20 are

8

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

subject to Plaintiffs' claims. Plaintiffs will seek leave to amend to name said Doe Defendants as soon as possible.

33. Plaintiffs are informed and believe and, based upon such information and belief, allege that, at all times herein mentioned, each and every Defendant was the agent and/or employee of their co-defendants, and each of them, and was acting within the scope, purpose and authority of CPS and/or SFPD, and with the knowledge, permission and consent of some or all other said co-defendants, and each of them, or in the alternative, were acting in their individual capacity.

34. Plaintiffs are informed and believe, and thereon allege, that each of the named individual Defendants herein did knowingly and willingly, with a common intent and scheme, set forth in further detail herein below, conspire to injure Plaintiffs, and deprive Plaintiffs of their rights, liberties, and interests in the comfort, care, and association as between Plaintiffs' and their mother, including rights to Substantive Due Process and Procedural Due Process as such rights are afforded them under the U.S. Constitution and Bill of Rights, California state constitution and decisional law of the state and federal courts of California, and conspired generally to damage Plaintiffs and inflict great physical and emotional injury upon them.

35. Further conduct of this nature, lying and withholding of exculpatory or explanatory information – by all COUNTY Defendants, is alleged hereinbelow. All of this policy, practice or custom, or inadequate training caused conduct was a moving force behind continuing violations of the family's 1st, 4th, and/or 14th Amendment rights.

36. The failure to take steps to stop this manner of constitutionally violative conduct is an additional lawful reason in supporting the finding of *Monell* liability against the COUNTY.

37. This failure to train or inadequate training leads to the repeated failure to engage professionals capable of dealing with the dynamics of said situations, when the social workers

9

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

themselves are wholly inadequately equipped to properly or timely resolve such situations in the interests of the children or the family as a whole, and this is another of the moving forces behind the continuing violations of 1st, 4th and/or 14th Amendment rights of parents and children just as it was for Plaintiffs herein.

38.  Such *Monell* liability also exists based on the fact that COUNTY has failed to train at all and/or failed to train employees adequately on state and federal laws, statutes, and/or regulations implicated in the context of a child abuse/neglect investigation, and this is a moving force behind the violation of the 1st, 14th and/or 4th Amendments of the Plaintiffs herein, as detailed in this Complaint hereinbelow.

39.  For these policies, procedures, practices/customs, and inadequate or non-existent training, Plaintiffs do hereby seek to hold COUNTY responsible in whole or in part for the conduct of the individual Defendant-employees of COUNTY herein named, as well as their failures to act.

40.  Plaintiffs are informed and believe and, based upon such information and belief, alleges that at all times herein mentioned, DANDRIDGE, ZIMMERER, FOSTER-CAZEM, CHANG, BARRY, TUVERA, ESCOBAR, PUBILL and Does 1-20, were each the agent of each other, and/or employees of their co-defendant COUNTY, and each of Defendants was acting within the scope, purpose, and authority of their employer, COUNTY, and with the knowledge, permission and consent of one or more of their co-defendants.

41.  Plaintiff alleges that the actions/inactions of the Defendant social workers, DANDRIDGE, ZIMMERER, FOSTER-CAZEM, CHANG, BARRY, TUVERA, ESCOBAR, PUBILL, and Does 1-20 complained of, were at all or many times undertaken, or actions were not performed, within the scope and purpose of instituting or furthering a joint plan or

10

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

conspiracy to violate the adult Plaintiffs' rights to familial association and their rights to be free from an unlawful seizure, and to enjoy their familial association rights with their Mother.

42.   Plaintiffs are informed and believe and, based upon such information and belief, alleges that each of the individually named Defendants is responsible in some manner for the events, circumstances, happenings, errors, negligence, omissions, malfeasance, and related violation of the Plaintiff's' rights complained of herein and their conduct individually and/or collectively was the legal cause of injury and damages to Plaintiff's' alleged herein.

43.   Plaintiffs are informed and believe and, based upon such information and belief, alleges that, at all times herein mentioned, each and every Defendant was the agent and/or employee of their co-defendants, and each of them, acting at all relevant times herein under color of the authority of a governmental entity and under, though often in contravention of, the statutes, ordinances, regulations, customs and usage of the State of California and/or the United States Constitution and related laws implicated in the work performed by social service workers and the investigation of referrals containing allegations of child abuse and/or neglect. The Defendants were acting under color of state law.

### III. FACTUAL ALLEGATIONS

44.   On or around the afternoon of August 3, 2004, at approximately 6:30p.m., Defendants responded to Plaintiffs' home, and unlawfully removed them from their mother, pursuant to COUNTY policy, practice, procedure and/or custom.

45.   SFPD Officers TUVERA and CHANG arrived at the home at approximately 6:20p.m. in response to a call that Plaintiffs' younger brother, James, then age 5, was throwing thing out of the third-story window of the home.

46.   TUVERA and CHANG knocked on the door, and were granted entry by the Plaintiffs'

11
_____
Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

16-year-old relative.

47. Plaintiffs' mother was resting in the other room, having asked the relative to look after the children temporarily. Plaintiffs' mother came out upon the officers' request.

48. SFPD Sgt. BARRY (#2093) responded to the scene to supervise.

49. SFPD Defendants called CPS to the scene, as the home was in disarray.

50. CPS Defendant DANDRIDGE responded to the scene.

51. Young MARTHA (then age 3) and CRYSTAL (then age 19 months), were partially clothed, and had chocolate stains on their clothes.

52. Nothing was on fire.

53. Nobody was bleeding.

54. CHANG, TUVERA, BARRY, DANDRIDGE, ZIMMERER, FOSTER-CAZEM ESCOBAR and PUBILL conferred, in person and/or by telephone. It was decided that Plaintiffs would be immediately removed from their mother.

55. The Plaintiffs did not have bruises on their bodies.

56. The Plaintiffs did not appear to be malnourished.

57. It did not appear as though there was a substantial risk that the Plaintiffs would suffer serious harm or illness.

58. Nevertheless, DEFENDANTS decided to remove Plaintiffs from their mother, and from their home.

59. While it is believed that ESCOBAR and PUBILL transported Plaintiffs away, Plaintiffs are informed and believe, and on that basis allege, that all of the aforementioned Defendants, as well as unknown Doe Defendants, discussed the situation and what to do, that they together jointly decided upon a course of action, and were integral participants in the decision to

12

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

remove Plaintiffs from their mother, without a warrant.

60. Defendants did not have a warrant to remove Plaintiffs.

61. Defendants did not even *discuss* obtaining a warrant to remove Plaintiffs.

62. Defendants did not have consent to remove Plaintiffs.

63. Defendants did not have reasonable cause to believe that Plaintiffs were at imminent risk of serious bodily injury.

64. Defendants, including ESCOBAR and PUBILL, transported the Plaintiffs away from their home.

65. None of the Defendants, individually or collectively, made any effort to avoid removing the Plaintiffs, to discuss any alternatives to removing them, or to in any way minimize the scope of the intrusion upon the Plaintiffs' constitutional rights.

66. Defendants did not discuss obtaining a warrant or make any efforts to procure a warrant to remove Plaintiffs. This was predictable, as neither CPS nor SFPD policy instructed them of the need, nor on how to obtain one.

67. In unlawfully removing PLAINTIFFS without a warrant from the care of their mother when they were not in imminent risk of serious bodily injury, nor in need of medical care, or otherwise in a condition requiring immediate protection or attention by medical or mental health professionals, Defendants violated both federal and state law, and did so in a punitive and malicious fashion with reckless disregard for the rights of Plaintiffs, violating their against unreasonable seizure of their persons, their rights of familial association and freedom of association, procedural and substantive due process and causing Plaintiffs severe and irreparable damage.

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

68. Upon the removal of Plaintiffs, CPS Defendants, then prepared and had filed a Petition and a Detention Report, pursuant to California Welfare and Institutions Code §300, with the Juvenile Court alleging multiple counts of child neglect against Plaintiffs' mother.

69. The allegations of the Petition notwithstanding, Plaintiffs were promptly returned to their mother on or about August 10, 2004.

## DAMAGES

70. As a result of the conduct of Defendants, Plaintiffs suffered severe emotional distress, anxiety and damage to psyche, to such an extent as to cause physical manifestations of pain and symptoms of nausea and severe depression, including but not limited to sleeplessness, headaches, fatigue, malaise, irritability, inability to focus, loss of appetite, and loss of weight. Plaintiffs developed an abiding fear and distrust of authority figures and particularly social workers.

71. Plaintiffs seek an award of exemplary (punitive) damages pursuant to California Civil Code §3294, and any state or federal laws authorizing the award of punitive damages, to make an example of and punish the individual Defendants, and in the hope of deterring future conduct of a similar nature.

## V.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
Violation Of 1st, 4th And/Or 14th Am. Familial Association
Rights– Warrantless Removal
Plaintiffs Against All Defendants

72. Plaintiffs re-alleges and incorporate paragraphs 1-69 inclusive, as though fully set forth at this point, as they relate to a Claim for Relief for a violation of Plaintiffs' civil rights under the 1st, 4th and/or 14th Amendments to the United States Constitution, with regard to the

14

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

violation of their rights of familial association occasioned by the removal of Plaintiffs from their mother by Defendants.

73. Plaintiffs allege their removal was undertaken without consent, probable cause, a protective custody warrant, or exigent circumstances justifying removal of Plaintiffs from their mother. This claim includes all such allegations as against the unknown Defendants from COUNTY and/or CITY that participated, ratified, condoned, or made the decision with regard to the removal of the child on or about August 3, 2004.

74. Plaintiffs re-allege the allegations of paragraph 70 as said damages relate to a Claim for Relief for a violation of their civil rights as stated.

75. The punitive damage allegations of paragraph 71 apply in this claim for relief to all individual Defendants, but not to entity Defendant COUNTY.

**SECOND CLAIM FOR RELIEF**
Violation Of 4th 14th Amendment
Rights– Warrantless Seizure
Plaintiffs Against All Defendants

76. Plaintiffs re-alleges and incorporate paragraphs 1-69 inclusive, as though fully set forth at this point, as they relate to a Claim for Relief for a violation of Plaintiffs' civil rights under the 4th Amendment to the United States Constitution, with regard to the violation of their rights of familial association occasioned by the warrantless seizure of Plaintiffs from their mother by Defendants.

77. Plaintiffs allege their removal was undertaken without consent, probable cause, a protective custody warrant, or exigent circumstances justifying removal of Plaintiffs from their mother. This claim includes all such allegations as against the unknown Defendants

15

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

from COUNTY and/or CITY that participated, ratified, condoned, or made the decision with regard to the removal of the child on or about August 3, 2004.

78. Plaintiffs re-allege the allegations of paragraph 70 as said damages relate to a Claim for Relief for a violation of their civil rights as stated.

79. The punitive damage allegations of paragraph 71 apply in this claim for relief to all individual Defendants, but not to entity Defendant COUNTY.

**THIRD CLAIM FOR RELIEF**
*Monell* Liability
(Plaintiffs v. COUNTY / CPS)

80. Plaintiffs re-allege, adopt, and incorporate as if set forth at length at this point, paragraphs 1-69 above, and alleges that the policies, practices, procedures, customs, and/or non-existent or inadequate training described hereinabove, were a moving force in the violations complained of hereinabove with regard to Plaintiffs' rights.

81. Plaintiffs allege these policies, practices, procedures, customs and training-related issues make the COUNTY itself liable for the actions of the individually-named Defendants, including DOES 1-20, and Plaintiffs seek to hold COUNTY liable thereon by this Complaint under the theory of law set forth in *Monell v. Dep. of Social Services*, 436 U.S. 658 (1978) and its progeny.

82. The policies, practices, procedures, customs, and/or non-existent or inadequate training of COUNTY social workers such as the Defendants, including DOES 1-20, were the moving force behind the removal, and the judicial deception throughout the juvenile dependency proceedings.

83. Plaintiffs re-allege the allegations of paragraph 70 at this point, as said damages relate to this Claim for Relief.

16

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

# FOURTH CLAIM FOR RELIEF
*Monell* Liability
(Plaintiffs v. COUNTY / SFPD)

84. Plaintiffs re-allege, adopt, and incorporate as if set forth at length at this point, paragraphs 1-69 above, and alleges that the policies, practices, procedures, customs, and/or non-existent or inadequate training described hereinabove, were a moving force in the violations complained of hereinabove with regard to Plaintiffs' rights.

85. Plaintiffs allege these policies, practices, procedures, customs and training-related issues make the COUNTY itself liable for the actions of the individually-named Defendants, including DOES 1-20, and Plaintiff seeks to hold COUNTY liable thereon by this Complaint under the theory of law set forth in *Monell v. Dep. of Social Services*, 436 U.S. 658 (1978) and its progeny.

86. The policies, practices, procedures, customs, and/or non-existent or inadequate training of COUNTY / SFPD law enforcement officers such as the Defendants, including DOES 1-20, were the moving force behind the removal.

87. Plaintiffs re-allege the allegations of paragraph 70 at this point, as said damages relate to this Claim for Relief.

## JURY DEMAND

Plaintiffs demand a jury trial as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.) Award Plaintiffs special and compensatory damages in an amount to be proven at trial, but in no event less than $2,000,000 each.

17

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.

2.) Award Plaintiffs punitive damages against individual Defendants, and each of them, for their extreme and outrageous conduct in complete disregard for the rights of the Plaintiffs;

3.) Award Plaintiffs statutory damages and/or attorney's fees against all Defendants as allowed by 42 U.S.C. §1988.

4.) Grant Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: July 14, 2021

       /s/ Dennis R. Ingols
DENNIS R. INGOLS, ESQ.
Attorney for Plaintiffs

18

Complaint
Gomez v. City and County of San Francisco, et al.
U.S. District Court for the Northern District of California
Case No.