UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL GOMEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05394-JCS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

## I.  INTRODUCTION

Plaintiffs Crystal Gomez and Martha Gomez, who were minors at the time of the events at issue but brought their claims after reaching majority, allege that Defendants the City and County of San Francisco and several of its then-employees unlawfully removed them from their mother's custody for a period of seven days in 2004. Defendants move to dismiss Plaintiffs' claims against two police officers, Maria Donati[1] and Jose Pubill, under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege sufficient involvement by those officers in the purported violation of Plaintiffs' constitutional rights.

The Court finds the matter suitable for resolution without oral argument and VACATES the hearing previously set for February 4, 2022. The case management conference is CONTINUED to 2:00 PM the same day, to occur via Zoom webinar.

For the reasons discussed below, Defendants' motion is DENIED.[2]

---

[1] Defendant Maria Donati was Maria Escobar at the time of the events at issue, and Plaintiffs' complaint refers to her as such. *See, e.g.*, Mot. (dkt. 22) at 1; Compl. (dkt. 1) ¶ 54.
[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Plaintiffs' Allegations

Because a plaintiff's factual allegations are generally taken as true in resolving a motion to dismiss under Rule 12(b)(6), this section summarizes Plaintiffs' allegations as if true. Nothing in this order should be construed as resolving any question of fact that might be disputed. Moreover, since Defendants' motion focuses on the narrow issue of Donati and Pubill's involvement, this summary generally focuses on that issue as well and is not intended as a complete recitation of Plaintiffs' allegations.

On August 3, 2004, two San Francisco police officers—Defendant Joe Chang and an officer named Tuvera[3]—arrived at Plaintiffs' home in response to complaints that Plaintiffs' then-five-year-old brother was throwing objects out the window. Compl. (dkt. 1) ¶ 45. "[T]he home was in disarray," and other defendants, including a police supervisor and a Child Protective Services officer, arrived on the scene thereafter. *Id.* ¶¶ 38–50. Plaintiffs, who were three years old and nineteen months old respectively, "were partially clothed, and had chocolate stains on their clothes." *Id.* ¶ 51.

Plaintiffs allege on information and belief that all of the individual defendants, including Donati and Pubill, "conferred, in person and/or by telephone," and "[i]t was decided that Plaintiffs would be immediately removed from their mother." *Id.* ¶ 54. Donati and Pubill transported Plaintiffs away from the home. *Id.* ¶ 59. Plaintiffs reiterate their allegation that Donati and Pubill were part of the discussion in which Defendants "together jointly decided upon a course of action" to remove Plaintiffs from their mother's custody. *Id.*

Defendants did not have a warrant or consent to remove Plaintiffs, "did not have reasonable cause to believe that Plaintiffs were at imminent risk of serious bodily injury," and did not discuss the possibility of obtaining a warrant or alternatives to removing Plaintiffs from their home. *Id.* ¶¶ 60–63, 65–66. Although Child Protective Services prepared a petition and report

---

[3] Tuvera is no longer alive, and Plaintiffs voluntarily dismissed their claims against Tuvera in their opposition brief. *See* Opp'n (dkt. 24) at 1 n.1 ("Plaintiffs do hereby dismiss the late Defendant Tuvera."). The Court construes that portion of Plaintiffs' brief as a notice of dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

alleging multiple counts of neglect, Plaintiffs were returned to their mother on August 10, 2004. *Id.* ¶¶ 68–69.

Plaintiffs assert claims under 42 U.S.C. § 1983 for violation of their rights under the First, Fourth, and Fourteenth Amendments. *Id.* ¶¶ 72–87.

### B.  The Parties' Arguments

Defendants contend that Plaintiffs have not alleged sufficient involvement by Donati and Pubill to proceed against them. *See generally* Mot. (dkt. 22).  They contend that Plaintiffs essentially seek to hold Donati and Pubill liable "for alleged constitutional violations based only on their 'mere presence' in or outside of Plaintiffs' home." *Id.*  According to Defendants, the allegations that Donati and Pubill participated in the decision to remove Plaintiffs from their home are too conclusory to be credited, and Defendants appear to assume that Donati and Pubill's role in transporting Plaintiffs away is insufficient to support liability if they were not involved in the decision to remove them. *Id.* at 5–7.  Defendants argue that the absence of allegations as to when Donati and Pubill arrived at the home, whether they actually entered the home, and whether they held supervisory positions render allegations of their involvement in the decision implausible. *Id.* at 6.

Plaintiffs respond that participation in a "joint decision," as they have alleged here, is sufficient to establish liability under § 1983, and that Donati and Pubill's role in transporting Plaintiffs away from their home is sufficient to hold them liable as integral participants.  Opp'n (dkt. 24) at 1–3.  Defendants contend in their reply that Plaintiffs have offered no authority for the proposition that "the act of transporting Plaintiffs away from their home on its own violated the Fourth or Fourteenth Amendments."  Reply (dkt. 25) at 2.  They also argue again that Plaintiffs' allegations regarding Donati and Pubill's involvement in the decision to remove Plaintiffs from their mother's custody are speculative, and that the lack of allegation as to if or when Donati and Pubill entered the home "pleads only a possibility that they had opportunity to provide input before the removal decision was made." *Id.* at 3–4.

Defendants do not move to dismiss Plaintiffs' claims against any other defendant or for any other reason. *See generally* Mot.

### III. ANALYSIS

#### A. Legal Standard

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a claimant's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the claimant must plead sufficient factual allegations to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

#### B. Plaintiffs Sufficiently Allege Donati and Pubill's Involvement

"Government officials are required to obtain prior judicial authorization before intruding

4

on a parent's custody of her child unless they possess information at the time of the seizure that establishes 'reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.'" *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000). "[T]he same legal standard applies in evaluating Fourth and Fourteenth Amendment claims for the removal of children . . . ." *Wallis*, 202 F.3d at 1137 n.8.[4]

    Rather than arguing the merits of Plaintiffs' claims of constitutional violations, Defendants' present motion focuses on the degree of involvement by Donati and Pubill in Plaintiffs' removal from their home. "An officer's liability under section 1983 is predicated on his 'integral participation' in the alleged violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (citing *Chuman v. Wright*, 76 F.3d 292, 294–95 (9th Cir. 1996)). "Integral participation does not require that each officer's actions themselves rise to the level of a constitutional violation . . . [b]ut it does require some fundamental involvement in the conduct that allegedly caused the violation." *Id*. (citations and quotation marks omitted). Thus, "[o]fficers are fundamentally involved in the alleged violation when they provide affirmative physical support at the scene of the alleged violation and when they are aware of the plan to commit the alleged violation or have reason to know of such a plan, but do not object." *Monteilh v. County of Los Angeles*, 820 F. Supp. 2d 1081, 1089–90 (C.D. Cal. 2011). "Additionally, officers may be integral participants even if they have no knowledge of a plan to commit the alleged violation if their physical participation in the alleged violation was part of a closely related series of physical acts leading to the violation." *Id.* (citing *Blankenhorn*, 485 F.3d at 481 n.12).

    Plaintiffs allege that Donati and Pubill, along with the other individual defendants, "discussed the situation and what to do, [and] that they together jointly decided upon a course of action . . . to remove Plaintiffs from their mother." Compl. ¶ 59; *see also id.* ¶ 54 (alleging that all of the individual defendants "conferred, in person and/or by telephone," and "[i]t was decided that

---

[4] Neither party addresses the grounds or the legal standard for Plaintiffs' First Amendment claim, and the Court need not do so to deny the present motion.

Plaintiffs would be immediately removed from their mother."). Defendants "do not dispute that an official who supplies input in a joint decision to remove a child might be considered an integral participant in that decision." Mot. at 4; *see also McLaughlin v. Cty. of El Dorado*, No. CIV. S-10-2551 LKK, 2012 WL 5387883, at \*6 (E.D. Cal. Nov. 1, 2012) ("If in fact, Eastburn participated in the decision to remove the children without a warrant, she could be liable as an 'integral participant' in their removal, even if she was not the person who actually removed them from their parents."). Instead, Defendants argue that the Court should disregard Plaintiffs' allegations that Donati and Pubill participated in the decision.

Plaintiffs' contention that Donati and Pubill participated in a discussion and reached a joint decision to remove Plaintiffs from their home is neither a legal conclusion nor a recitation of the bare elements of their claims. It is an allegation of fact; as such, the Court takes it as true. Plaintiffs contend that the allegation is speculative, *see* Reply at 4, but that it is not the relevant question. "Factual allegations must be enough to raise a *right to relief* above the speculative level *on the assumption that all the allegations in the complaint are true* (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted; emphasis added). Similarly, while Defendants argue that Plaintiffs' allegations support "only a possibility that they had opportunity to provide input before the removal decision was made," Reply at 3, the test is not whether any particular factual allegation is more than possible, it is whether "the well-pleaded *facts* . . . permit the court to infer more than the mere possibility of *misconduct*," *Iqbal*, 556 U.S. at 679 (emphasis added). Here, Donati and Pubill's participation in the discussion leading to a joint decision is not merely a possible inference or conclusion from Plaintiffs' factual allegations, it is itself a factual allegation.

Requiring more specific allegations of the *circumstances* of the alleged discussion would transcend *Iqbal* and *Twombly*'s plausibility standard and instead resemble the particularity of Rule 9(b), which does not apply to this case. *Cf. Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (holding that under Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" (citation omitted)). The Court takes as true the allegation that Donati and Pubill were part of the discussion and joint decision to remove

Plaintiffs' from their mother's custody, and accordingly DENIES Defendants' motion to dismiss.

Donati and Pubill's role transporting Plaintiffs away from their home also likely supports a theory of integral participation, even if they were not involved in the decision to do so. Plaintiffs' physical removal from their home is a core component of their claim. The Ninth Circuit has found integral participation from conduct less closely connected to a purported constitutional violation. *See, e.g.*, *Blankenhorn*, 485 F.3d at 481 n.12 (finding an officer's assistance in "gaining control of" a plaintiff, integral to—and thus sufficient to hold that officer liable for—another officer's subsequent use of hobble restraints, despite no allegation that the first officer himself used excessive force, and with no indication the first officer knew the second officer would use hobble restraints). But because the parties have not focused their arguments on that question, and Donati and Pubill's alleged involvement in the relevant decisionmaking is sufficient to deny Defendants' motion, the Court does not reach the question of whether their role in physically taking Plaintiffs away would support liability on its own.

## IV.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss Plaintiffs' claims against Donati and Pubill is DENIED.

**IT IS SO ORDERED.**

Dated: February 1, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge